1  MENNEMEIER, GLASSMAN & STROUD LLP
ANDREW W. STROUD (SBN 126475)
2  LANDON D. BAILEY (SBN 240236)
980 9th Street, Suite 1700
3  Sacramento, CA 95814
Telephone: 916.553.4000
4  Facsimile:  916.553.4011

5  Attorneys for Defendants Stephanie Gibbs
and Nader Henry-Amin
6

7

8

UNITED STATES DISTRICT COURT
9
EASTERN DISTRICT OF CALIFORNIA
10

11  PANTROS IP, INC. a Delaware Corporation,   )   Case No.:  2:12-cv-00892-WBS-DAD
                                             )
12          Plaintiff,                        )   **STIPULATION FOR PROTECTIVE**
                                             )   **ORDER; PROTECTIVE ORDER**
13  v.                                        )
                                             )
14  STEPHANIE GIBBS, an individual, NADER     )
HENRY-AMIN, an individual, CRYSNAD           )
15  ENTERPRISES, INC. d.b.a. INVALIDATE       )
CLAIM, a Nevada Corporation, and DOES 1      )
16  through 50, inclusive,                    )
                                             )
17          Defendants.                       )
_____)
18

19                          **STIPULATION**

20  **1.     PURPOSES AND LIMITATIONS**

21          Disclosure and discovery activity in this action are likely to involve production of

22  confidential, proprietary, or private information warranting special protection from public

23  disclosure and from use for any purpose other than prosecuting this litigation.  Accordingly, the

24  parties hereby stipulate to and petition the Court to enter the following stipulated protective order

25  (the "Protective Order").  The parties acknowledge that this Protective Order does not confer

26  blanket protections on all disclosures or responses to discovery, and that the protection it affords

27  from public disclosure and use extends only to the limited information or items that are entitled

28  to confidential treatment under the applicable legal principles.  The parties further acknowledge,

as set forth in Section 14.3, below, that this Protective Order does not entitle them to file confidential information under seal, and that a party seeking the Court's permission to file materials under seal must follow the procedures set forth in Local Rule 141.

**2.   DEFINITIONS**

**2.1   Challenging Party**:  A Party or Non-Party that challenges the designation of information or items under this Protective Order.

**2.2   "CONFIDENTIAL" Information or Items**:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

**2.3   Counsel**:  Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.4   Designating Party**:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

**2.5   Disclosure or Discovery Material**:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.6   Expert:**  A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

**2.7   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**:  Extremely sensitive "Confidential Information or Items," disclosure of which to

/ / /

another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**2.8:  "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items**: Extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**2.9    Non-Party**:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.10    Party**:  Any party to this action.

**2.11    Producing Party**:  A Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.12    Professional Vendors**:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.13    Protected Material**:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

**2.14    Receiving Party**:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following

information:  (a) any information that is in the public domain at the time of disclosure to a

Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

a result of publication not involving a violation of this Protective Order, including becoming part

of the public record through trial or otherwise; and (b) any information known to the Receiving

Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source

who obtained the information lawfully and under no obligation of confidentiality to the

Designating Party.  Any use of Protected Material at trial shall be governed by a separate

agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by

this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing

or a court order otherwise directs.  Final disposition shall be deemed to be the later of

(1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

reviews of this action, including the time limits for filing any motions or applications for

extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

**5.1    Exercise of Restraint and Care in Designating Material for Protection.**  Each

Party or Non-Party that designates information or items for protection under this Protective Order

must take care to limit any such designation to specific material that qualifies under the

appropriate standards. To the extent it is practical to do so, the Designating Party must designate

for protection only those parts of material, documents, items, or oral or written communications

that qualify, so that other portions of the material, documents, items, or communications for

which protection is not warranted are not swept unjustifiably within the ambit of this Protective

Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

unnecessarily encumber or retard the case development process or to impose unnecessary

expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2    Manner and Timing of Designations.**  Except as otherwise provided in this Protective Order (*see*, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

**(a)       Information in Documentary Form** (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings): The Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after Counsel for the inspecting Party has indicated which material the Party would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be disclosed only to the inspecting Party's Counsel.  After the inspecting Party's Counsel has identified the documents the inspecting Party wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.

1  If only a portion or portions of the material on a page qualifies for protection, the Producing

2  Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in

3  the margins) and must specify, for each portion, the level of protection being asserted.

4         **(b)     Testimony Given in Deposition or in Other Pretrial Proceedings**:

5  The Designating Party must identify on the record, before the close of the deposition, hearing, or

6  other proceeding, all protected testimony and specify the level of protection being asserted.

7  When it is impractical to identify separately each portion of testimony that is entitled to

8  protection and it appears that substantial portions of the testimony may qualify for protection, the

9  Designating Party may invoke on the record (before the deposition, hearing, or other proceeding

10  is concluded) a right to have up to twenty-one days to identify the specific portions of the

11  testimony as to which protection is sought and to specify the level of protection being asserted.

12  Only those portions of the testimony that are appropriately designated for protection within the

13  twenty-one days shall be covered by the provisions of this Protective Order.  Alternatively, a

14  Designating Party may specify, at the deposition or up to twenty-one days afterwards if that

15  period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or

16  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

17  SOURCE CODE."

18         Parties shall give the other parties notice if they reasonably expect a deposition, hearing

19  or other proceeding to include Protected Material so that the other parties can ensure that only

20  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

21  (Exhibit A) are present at those proceedings.  The use of a document or other tangible thing as an

22  exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or

23  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

24  SOURCE CODE."

25        Transcripts containing Protected Material shall have an obvious legend on the title page

26  that the transcript contains Protected Material, and the title page shall be followed by a list of all

27  pages (including line numbers as appropriate) that have been designated as Protected Material

28  and the level of protection being asserted by the Designating Party.  The Designating Party shall

1   inform the court reporter of these requirements.  Any transcript that is prepared before the

2   expiration of a 21-day period for designation shall be disclosed only to the Parties' Counsel

3   unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as

4   actually designated.

5              **(c)      Information Produced in Some Form Other than Documentary and**

6   **Any Other Tangible Items**:  The Producing Party must affix in a prominent place on the

7   exterior of the container or containers in which the information or item is stored the legend

8   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

9   "HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the

10  information or item warrant protection, the Producing Party, to the extent practicable, shall

11  identify the protected portion(s) and specify the level of protection being asserted.

12       **5.3      Inadvertent Failures to Designate**.  If timely corrected, an inadvertent failure to

13  designate qualified information or items does not, standing alone, waive the Designating Party's

14  right to secure protection under this Protective Order for such material.  Upon timely correction

15  of a designation, the Receiving Party must make reasonable efforts to assure that the material is

16  treated in accordance with the provisions of this Protective Order.

17  **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

18       **6.1      Timing of Challenges.**  Any Party or Non-Party may challenge a designation of

19  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

20  designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic

21  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

22  challenge a confidentiality designation by electing not to mount a challenge promptly after the

23  original designation is disclosed.

24       **6.2      Meet and Confer.**  The Challenging Party shall initiate the dispute resolution

25  process by providing written notice of each designation it is challenging and describing the basis

26  for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written

27  notice must recite that the challenge to confidentiality is being made in accordance with this

28  specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in

good faith and must begin the process by conferring directly (in voice to voice dialogue; other

forms of communication are not sufficient) within fourteen days of the date of service of notice.

In conferring, the Challenging Party must explain the basis for its belief that the confidentiality

designation was not proper and must give the Designating Party an opportunity to review the

designated material, to reconsider the circumstances, and, if no change in designation is offered,

to explain the basis for the chosen designation.  A Challenging Party may proceed to the next

stage of the challenge process only if it has engaged in this meet and confer process first or

establishes that the Designating Party is unwilling to participate in the meet and confer process in

a timely manner.

       **6.3**       **Judicial Intervention.**  If the Parties cannot resolve a challenge without court

intervention, the Designating Party shall file and serve a motion to retain confidentiality under

Local Rule 230 within twenty-one days of the initial notice of challenge or within fourteen days

of the parties' agreement that the meet and confer process will not resolve their dispute,

whichever is earlier.  Each such motion must be accompanied by a competent declaration

affirming that the movant has complied with the meet and confer requirements imposed in the

preceding paragraph.  Failure by the Designating Party to make such a motion including the

required declaration within twenty-one days (or fourteen days, if applicable) shall automatically

waive the confidentiality designation for each challenged designation.  In addition, the

Challenging Party may file a motion under Local Rule 230 challenging a confidentiality

designation at any time if there is good cause for doing so, including a challenge to the

designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to

this provision must be accompanied by a competent declaration affirming that the

movant has complied with the meet and confer requirements imposed by this paragraph.

       The burden of persuasion in any such challenge proceeding shall be on the Designating

Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

unnecessary expenses and burdens on other parties) may expose the Challenging Party to

sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

file a motion to retain confidentiality as described above, all parties shall continue to afford the

material in question the level of protection to which it is entitled under the Producing Party's

designation until the Court rules on the challenge.

**7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

   **7.1   Basic Principles.**  A Receiving Party may use Protected Material that is disclosed

or produced by another Party or by a Non-Party in connection with this case only for prosecuting,

defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

to the categories of persons and under the conditions described in this Protective Order.  When

the litigation has been terminated, a Receiving Party must comply with the provisions of section

15 below.

   Protected Material must be stored and maintained by a Receiving Party at a location and

in a secure manner that ensures that access is limited to the persons authorized under this

Protective Order.  If the Protected Material is in electronic form, the Receiving Party must ensure

that such Protected Material is password-protected.

   **7.2   Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise

ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

disclose any information or item designated "CONFIDENTIAL" only to:

      (a)   the Receiving Party's Counsel in this action, as well as employees of said

Counsel to whom it is reasonably necessary to disclose the information for this litigation and who

have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

Exhibit A;

      (b)   the Receiving Party, if a natural person, or those officers, directors, and

employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation

and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (c)   Experts (as defined in this Protective Order) of the Receiving Party to

whom disclosure is reasonably necessary for this litigation and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d)   the Court and its personnel;

/ / /

1        (e)     court reporters and their staff, professional jury or trial consultants, and

2   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

3   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4        (f)     during their depositions, witnesses in the action to whom disclosure is

5   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

6   (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.

7        (g)     the author or recipient of a document containing the information or a

8   custodian or other person who otherwise possessed or knew the information.

9   **7.3    Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"**

10   **or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.**  Unless

11   otherwise ordered by the court or permitted in writing by the Designating Party, any information

12   or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

13   CONFIDENTIAL – SOURCE CODE" may be disclosed only to:

14        (a)     the Receiving Party's Counsel in this action, as well as employees of said

15   Counsel to whom it is reasonably necessary to disclose the information for this litigation and who

16   have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

17   Exhibit A;

18        (b)     Experts of the Receiving Party (1) to whom disclosure is reasonably

19   necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

20   Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have

21   been followed;

22        (e)     the Court and its personnel;

23        (f)     court reporters and their staff, professional jury or trial consultants, and

24   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

25   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

26        (g)     the author or recipient of a document containing the information or a

27   custodian or other person who otherwise possessed or knew the information.

28   / / /

**7.4**     **Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts**

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Protective Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.  If the Expert believes that any of the information required by subparagraph 7.4(a)(5) is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within fourteen days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

1         (c)    A Party that receives a timely written objection must meet and confer with

2   the Designating Party (either in person or "voice to voice" via telephone) to try to resolve the

3   matter by agreement within seven days of the written objection.  If no agreement is reached, the

4   Party seeking to make the disclosure to the Expert may file a motion as provided in Local Rule

5   230 seeking permission from the Court to do so.  Any such motion must describe the

6   circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is

7   reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any

8   additional means that could be used to reduce that risk.  In addition, any such motion must be

9   accompanied by a competent declaration describing the parties' efforts to resolve the matter by

10  agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth

11  the reasons advanced by the Designating Party for its refusal to approve the disclosure.

12       In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

13  of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

14  outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

15  **9.**    **SOURCE CODE**

16        (a)    To the extent production of source code becomes necessary in this case, a

17  Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE"

18  if it comprises or includes confidential, proprietary or trade secret source code.

19        (b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

20  CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

21  ATTORNEYS' EYES ONLY" information and may be disclosed only to the individuals to

22  whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be

23  disclosed, as set forth in Paragraphs 7.3 and 7.4.

24        (c)    Any source code produced in discovery shall be made available for

25  inspection, in a format allowing it to be reasonably reviewed and searched, during normal

26  business hours or at other mutually agreeable times, at an office of the Producing Party's counsel

27  or another mutually agreed upon location. The source code shall be made available for inspection

28  on a secured computer in a secured room without Internet access or network access to other

computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)       The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in subparagraph 9(c) in the first instance.  The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and time frames set forth in section 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)       The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

/ / /

/ / /

/ / /

**10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a)   promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**11.   NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)   The terms of this Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

CODE." Such information produced by Non-Parties in connection with this litigation is

protected by the remedies and relief provided by this Protective Order. Nothing in these

provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to

produce a Non-Party's confidential information in its possession, and the Party is subject to an

agreement with the Non-Party not to produce the Non-Party's confidential information, then the

Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party

that some or all of the information requested is subject to a confidentiality agreement with a

Non-Party;

2.     promptly provide the Non-Party with a copy of the Protective

Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

the information requested; and

3.     make the information requested available for inspection by the

Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court

within fourteen days of receiving the notice and accompanying information, the Producing Party

may produce the Non-Party's confidential information responsive to the discovery request. If the

Non-Party timely seeks a protective order, the Producing Party shall not produce any information

in its possession or control that is subject to the confidentiality agreement with the Non-Party

before a determination by the Court. Absent a court order to the contrary, the Non-Party shall

bear the burden and expense of seeking protection in this Court of its Protected Material.

**12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Protective Order, the

Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material,

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.    MISCELLANEOUS**

**14.1    Right to Further Relief.**  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

**14.2    Right to Assert Other Objections.**  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**14.3    Filing Protected Material.**  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 141.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If the Court denies a Receiving Party's request to file Protected Material under seal, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the Court.

**15.    FINAL DISPOSITION**

Within sixty days after the final disposition of this action, as defined in section 4 above, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that (1) identifies (by category, where appropriate)

1  all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party

2  has not retained any copies, abstracts, compilations, summaries or any other format reproducing

3  or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled

4  to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

5  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports,

6  attorney work product, and consultant and expert work product, even if such materials contain

7  Protected Material. Any such archival copies that contain or constitute Protected Material remain

8  subject to this Protective Order as set forth in section 4.

9       IT IS SO STIPULATED, THROUGH THE PARTIES' COUNSEL OF RECORD.

10

11  DATED: _____        /s/  Christopher Phillips_____
                                          Attorneys for Plaintiff Pantros IP, Inc.
12

13  DATED: _____        /s/ Andrew W. Stroud_____
                                          Attorneys for Defendants Stephanie Gibbs
14                                        and Nader Henry-Amin

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>ORDER</u>**

2      Pursuant to the parties' stipulation, and good cause appearing therefor, IT IS SO

3 ORDERED.

4 DATED: June 7, 2012.

5

6   _____

7   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

8

9

10

11   Ddad1\orders.civil\pantros0892.stip.protord

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District

Court for the Eastern District of California on [date] in the case of *Pantros IP, Inc. v. Stephanie Gibbs and Nader Henry-Amin*, Case No. 2:12-

cv-00892-WBS-DAD.  I agree to comply with and be bound by all the terms of this Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of

this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the

purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

City and State where sworn and signed: _____

Printed name: _____

Signature: _____